# EXHIBIT "A"

1   Kevin T. Barnes, Esq. (#138477)
    Gregg Lander, Esq. (#194018)

2   LAW OFFICES OF KEVIN T. BARNES
    5670 Wilshire Boulevard, Suite 1460

3   Los Angeles, CA 90036-5664
    Tel.: (323) 549-9100 / Fax: (323) 549-0101

4   Email: Barnes@kbarnes.com

5   Joseph Antonelli, Esq. (#137039)
    Janelle Carney, Esq. (#201570)

6   LAW OFFICE OF JOSEPH ANTONELLI
    1000 Lakes Drive, Suite 450

7   West Covina, CA 91790-2918
    Tel.: (626) 917-6228 / Fax: (626) 917-7686

8   Email: JAntonelli@antonellilaw.com

9   Ross E. Shanberg, Esq. (#179842)
    Shane C. Stafford, Esq. (#216151)

10   SHANBERG STAFFORD LLP
    19200 Von Karman Avenue, Suite 400

11   Irvine, CA 92612-8512
    Tel: (949) 622-5444 / Fax: (949) 622-5448

12   Email: RShanberg@ssfirm.com

13   Attorneys for Plaintiff GRANT CASSERLY,
    on behalf of himself and all others similarly situated

14

15         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16                **FOR THE COUNTY OF ORANGE**

17   GRANT CASSERLY, on behalf of himself   )   Case No.:   30-2011-00480681-CU-OE-CXC
    and all others similarly situated,         )

18                           )   **CLASS ACTION**
      Plaintiffs,                   )

19                           )   **COMPLAINT FOR:**
      v.                     )

20   RANDSTAD US, L.P., a Delaware limited  )   1.   **FAILURE TO PAY ALL**
    partnership d/b/a "Randstad"; RANDSTAD )         **OVERTIME WAGES;**

21   HORIZONS, L.P., a Delaware limited    )   2.   **FAILURE TO PROVIDE MEAL**
    partnership d/b/a "Randstad"; RANDSTAD )         **PERIODS;**

22   INHOUSE SERVICES, L.P., a Delaware  )   3.   **FAILURE TO AUTHORIZE AND**
    limited partnership d/b/a "Randstad";    )         **PERMIT PAID REST PERIODS;**

23   ACCOUNTANTS INTERNATIONAL,    )   4.   **FAILURE TO TIMELY FURNISH**
    L.P., a California limited partnership d/b/a )         **ACCURATE ITEMIZED WAGE**

24   "Randstad"; B2B WORKFORCE, L.P., a  )         **STATEMENTS;**
    limited partnership, jurisdiction unknown  )

25   d/b/a "Randstad"; CLINICAL ONE, an   )   5.   **VIOLATIONS OF LABOR CODE**
    entity, form and jurisdiction unknown d/b/a )         **§203;**

26   "Randstad"; COMPLIANCE L.P., a     )   6.   **UNFAIR BUSINESS PRACTICES;**
    Virginia limited partnership d/b/a      )         **AND**

27   "Randstad"; DB CONCEPTS, an entity,   )   7.   **DECLARATORY RELIEF**
    form and jurisdiction unknown d/b/a      )

28   "Randstad"; DELTA PHARMA, L.P., an  )   **DEMAND FOR JURY TRIAL**
                             Judge Ronald L. Bauer

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**06/01/2011** at 01:31:16 PM
Clerk of the Superior Court
By Enrique Veloz,Deputy Clerk

- 1 -

CASSERLY V. RANDSTAD - COMPLAINT

EXHIBIT A

1  Illinois limited partnership d/b/a
   "Randstad"; HUMAN RESOURCES
2  INTERNATIONAL, an entity, form and
   jurisdiction unknown d/b/a "Randstad";
3  LOCUM MEDICAL GROUP, an entity,
   form and jurisdiction unknown d/b/a
4  "Randstad"; OPIS, an entity, form and
   jurisdiction unknown d/b/a "Randstad";
5  PLACEMENT PROS, L.P., a Delaware
   limited partnership d/b/a "Randstad";
6  RANDSTAD MANAGED SERVICES, an
   entity, form and jurisdiction unknown d/b/a
7  "Randstad"; RANDSTAD
   PROFESSIONALS US, L.P., a Delaware
8  limited partnership d/b/a "Randstad";
   SAPPHIRE TECHNOLOGIES, L.P., a
9  Delaware limited partnership d/b/a
   "Randstad"; THINK RESOURCES, L.P., a
10 Georgia limited partnership d/b/a
   "Randstad"; and DOES 1 to 100, inclusive,
11
          Defendants.
12

13        Plaintiff GRANT CASSERLY, an individual on behalf of himself and all others similarly

14 situated (hereinafter collectively referred to as "Plaintiffs"), hereby files this Complaint against

15 Defendants RANDSTAD US, L.P., RANDSTAD HORIZONS, L.P., RANDSTAD INHOUSE

16 SERVICES, L.P., ACCOUNTANTS INTERNATIONAL, L.P., B2B WORKFORCE, L.P.,

17 CLINICAL ONE, COMPLIANCE L.P., DB CONCEPTS, DELTA PHARMA, L.P., HUMAN

18 RESOURCES INTERNATIONAL, LOCUM MEDICAL GROUP, OPIS, PLACEMENT PROS,

19 L.P., RANDSTAD MANAGED SERVICES, RANDSTAD PROFESSIONALS US, L.P.,

20 SAPPHIRE TECHNOLOGIES, L.P., THINK RESOURCES, L.P. and DOES 1 to 100 (hereinafter

21 collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of

22 that information and belief, allege as follows:

23                                        I.

24                              **INTRODUCTION**

25        1.     This is a civil action seeking recovery for Defendants' violations of California

26 Labor Code ("Labor Code") §§1194, et seq., Labor Code §§200, et seq., Labor Code §§500, et

27 seq., California Business and Professions Code ("B&PC") §§17000, et seq. and §§17200, et seq.,

28

CASSERLY V. RANDSTAD - COMPLAINT

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5644
TEL.: (323) 549-9100
FAX: (323) 549-0101
kevin@barneslaw.com

1  the applicable Wage Orders issued by the California Industrial Welfare Commission (hereinafter,

2  the "IWC Wage Orders") and related common law principles.

3        2.    Plaintiffs' action seeks monetary damages, including full restitution from

4  Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

5        3.    The acts complained of herein occurred, occur and will occur, at least in part,

6  within the time period from four (4) years preceding the filing of the original Complaint herein,

7  up to and through the time of trial for this matter.

8  RELEVANT JOB TITLES

9        4.    The relevant job titles in this action are:

10          a.   Defendants' California-based "Account Managers" (hereinafter including any

11              of Defendants' job positions with substantially similar titles and/or duties) and

12          b.   Defendants' California-based "Recruiters" (hereinafter including any of

13              Defendants' job positions with substantially similar titles and/or duties).

14        5.    Defendants' California-based Account Managers and Recruiters are paid by

15  Defendants on a salaried plus commission basis.

16        6.    The general obligations and responsibilities of Defendants' California-based

17  Account Managers and Recruiters, respectively, are virtually identical from region to region,

18  district to district, facility to facility, and employee to employee. Any differences in job activities

19  between the different individuals in these positions were and are legally insignificant to the

20  issues presented by this action.

21  SUMMARY OF CLAIMS

22        7.    With regard to Defendants' California-based Account Managers and Recruiters,

23  Defendants have:

24          a.   Failed to pay state-mandated overtime wages for all overtime hours worked;

25          b.   Failed to provide meal periods;

26          c.   Failed to authorize and permit paid rest periods;

27          d.   Failed to timely furnish accurate itemized wage statements;

28          e.   Violated Labor Code §203; and

CASSERLY V. RANDSTAD - COMPLAINT

1    f.   Conducted unfair business practices.

2                              II.

3                           **PARTIES**

4    PLAINTIFF GRANT CASSERLY

5        8.    Plaintiff GRANT CASSERLY is an individual over the age of eighteen (18) and is

6    now and/or at all times mentioned in this Complaint was a resident of the State of California.

7        9.    Plaintiff GRANT CASSERLY worked for Defendants as a California-based

8    Account Manager from approximately October 18, 2010 to February 2011 and as a California-

9    based Recruiter from approximately February 2011 to March 2011 in Defendants' Irvine,

10   California office.

11       10.   Plaintiff GRANT CASSERLY seeks recovery herein from Defendants because

12   with regard to Plaintiff GRANT CASSERLY, while acting for Defendants in his capacity as a

13   California-based Account Manager, Defendants have:

14            a.   Failed to pay state-mandated overtime wages for all overtime hours worked;

15            b.   Failed to provide meal periods;

16            c.   Failed to authorize and permit paid rest periods;

17            d.   Failed to timely furnish accurate itemized wage statements;

18            e.   Violated Labor Code §203; and

19            f.   Conducted unfair business practices.

20       11.   Further, Plaintiff GRANT CASSERLY seeks recovery herein from Defendants

21   because with regard to Plaintiff GRANT CASSERLY, while acting for Defendants in his

22   capacity as a California-based Recruiter, Defendants have:

23            a.   Failed to pay state-mandated overtime wages for all overtime hours worked;

24            b.   Failed to provide meal periods;

25            c.   Failed to authorize and permit paid rest periods;

26            d.   Failed to timely furnish accurate itemized wage statements;

27            e.   Violated Labor Code §203; and

28            f.   Conducted unfair business practices.

- 4 -
**CASSERLY V. RANDSTAD - COMPLAINT**

1   DEFENDANT, RANDSTAD US, L.P. d/b/a "Ranstad"

2       12.    Defendant RANDSTAD US, L.P. is now and/or at all times mentioned in this

3   Complaint was a Delaware limited partnership and the owner and operator of an industry,

4   business and/or facility licensed to do business and actually doing business in the State of

5   California.

6   DEFENDANT, RANDSTAD HORIZONS, L.P. d/b/a "Ranstad"

7       13.    Defendant RANDSTAD HORIZONS, L.P. is now and/or at all times mentioned in

8   this Complaint was a Delaware limited partnership and the owner and operator of an industry,

9   business and/or facility licensed to do business and actually doing business in the State of

10   California.

11   DEFENDANT, RANDSTAD INHOUSE SERVICES, L.P. d/b/a "Ranstad"

12       14.    Defendant RANDSTAD INHOUSE SERVICES, L.P. is now and/or at all times

13   mentioned in this Complaint was a Delaware limited partnership and the owner and operator of

14   an industry, business and/or facility licensed to do business and actually doing business in the

15   State of California.

16   DEFENDANT, ACCOUNTANTS INTERNATIONAL, L.P. d/b/a "Ranstad"

17       15.    Defendant ACCOUNTANTS INTERNATIONAL, L.P. is now and/or at all times

18   mentioned in this Complaint was a California limited partnership and the owner and operator of

19   an industry, business and/or facility licensed to do business and actually doing business in the

20   State of California.

21   DEFENDANT, B2B WORKFORCE, L.P. d/b/a "Ranstad"

22       16.    Defendant B2B WORKFORCE, L.P. is now and/or at all times mentioned in this

23   Complaint was a limited partnership, jurisdiction unknown, and the owner and operator of an

24   industry, business and/or facility licensed to do business and actually doing business in the State

25   of California.

26   DEFENDANT, CLINICAL ONE d/b/a "Ranstad"

27       17.    Defendant CLINICAL ONE is now and/or at all times mentioned in this

28   Complaint was an entity, form and jurisdiction unknown, and the owner and operator of an

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
KEVIN@BARNESLC.COM

- 5 -

CASSERLY V. RANDSTAD - COMPLAINT

1    industry, business and/or facility licensed to do business and actually doing business in the State

2    of California.

3    DEFENDANT, COMPLIANCE L.P. d/b/a "Ranstad"

4        18.    Defendant COMPLIANCE L.P. is now and/or at all times mentioned in this

5    Complaint was a Virginia limited partnership and the owner and operator of an industry,

6    business and/or facility licensed to do business and actually doing business in the State of

7    California.

8    DEFENDANT, DB CONCEPTS d/b/a "Ranstad"

9        19.    Defendant DB CONCEPTS is now and/or at all times mentioned in this

10   Complaint was an entity, form and jurisdiction unknown, and the owner and operator of an

11   industry, business and/or facility licensed to do business and actually doing business in the State

12   of California.

13   DEFENDANT, DELTA PHARMA, L.P. d/b/a "Ranstad"

14       20.    Defendant DELTA PHARMA, L.P. is now and/or at all times mentioned in this

15   Complaint was an Illinois limited partnership and the owner and operator of an industry,

16   business and/or facility licensed to do business and actually doing business in the State of

17   California.

18   DEFENDANT, HUMAN RESOURCES INTERNATIONAL d/b/a "Ranstad"

19       21.    Defendant HUMAN RESOURCES INTERNATIONAL is now and/or at all times

20   mentioned in this Complaint was an entity, form and jurisdiction unknown, and the owner and

21   operator of an industry, business and/or facility licensed to do business and actually doing

22   business in the State of California.

23   DEFENDANT, LOCUM MEDICAL GROUP d/b/a "Ranstad"

24       22.    Defendant LOCUM MEDICAL GROUP is now and/or at all times mentioned in

25   this Complaint was an entity, form and jurisdiction unknown, and the owner and operator of an

26   industry, business and/or facility licensed to do business and actually doing business in the State

27   of California.

28   ///

LAW OFFICES OF
KEVIN T. BARNES
1670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90026-5614
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 6 -
CASSERLY V. RANDSTAD - COMPLAINT

1  DEFENDANT, OPIS d/b/a "Ranstad"

2      23.    Defendant OPIS is now and/or at all times mentioned in this Complaint was an

3  entity, form and jurisdiction unknown, and the owner and operator of an industry, business

4  and/or facility licensed to do business and actually doing business in the State of California.

5  DEFENDANT, PLACEMENT PROS, L.P. d/b/a "Ranstad"

6      24.    Defendant PLACEMENT PROS, L.P. is now and/or at all times mentioned in this

7  Complaint was a Delaware limited partnership and the owner and operator of an industry,

8  business and/or facility licensed to do business and actually doing business in the State of

9  California.

10  DEFENDANT, RANDSTAD MANAGED SERVICES d/b/a "Ranstad"

11     25.    Defendant RANDSTAD MANAGED SERVICES is now and/or at all times

12  mentioned in this Complaint was an entity, form and jurisdiction unknown, and the owner and

13  operator of an industry, business and/or facility licensed to do business and actually doing

14  business in the State of California.

15  DEFENDANT, RANDSTAD PROFESSIONALS US, L.P. d/b/a "Ranstad"

16     26.    Defendant RANDSTAD PROFESSIONALS US, L.P. is now and/or at all times

17  mentioned in this Complaint was a Delaware limited partnership and the owner and operator of

18  an industry, business and/or facility licensed to do business and actually doing business in the

19  State of California.

20  DEFENDANT, SAPPHIRE TECHNOLOGIES, L.P. d/b/a "Ranstad"

21     27.    Defendant SAPPHIRE TECHNOLOGIES, L.P. is now and/or at all times

22  mentioned in this Complaint was a Delaware limited partnership and the owner and operator of

23  an industry, business and/or facility licensed to do business and actually doing business in the

24  State of California.

25  DEFENDANT, THINK RESOURCES, L.P. d/b/a "Ranstad"

26     28.    Defendant THINK RESOURCES, L.P. is now and/or at all times mentioned in this

27  Complaint was a Georgia limited partnership and the owner and operator of an industry, business

28  and/or facility licensed to do business and actually doing business in the State of California.

LAW OFFICES OF
KEVIN T. BARNES
1670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90026-6234
TEL.: (323) 549-9100
FAX: (323) 549-0101

CASSERLY V. RANDSTAD - COMPLAINT

1  DOES 1 TO 100, INCLUSIVE

2       29.    DOES 1 to 100, inclusive are now, and/or at all times mentioned in this

3  Complaint were licensed to do business and/or actually doing business in the State of California.

4       30.    Plaintiffs do not know the true names or capacities, whether individual, partner or

5  corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such

6  fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

7       31.    Plaintiffs will seek leave of court to amend this Complaint to allege such names and

8  capacities as soon as they are ascertained.

9  ALL DEFENDANTS

10       32.    Defendants, and each of them, are now and/or at all times mentioned in this

11  Complaint were in some manner legally responsible for the events, happenings and circumstances

12  alleged in this Complaint.

13       33.    Defendants, and each of them, proximately subjected Plaintiffs to the unlawful

14  practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

15       34.    Defendants, and each of them, are now and/or at all times mentioned in this

16  Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-

17  versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times

18  mentioned in this Complaint were acting within the course and scope of that agency, servitude

19  and/or employment.

20       35.    Defendants, and each of them, are now and/or at all times mentioned in this

21  Complaint were members of and/or engaged in a joint venture, partnership and common

22  enterprise, and were acting within the course and scope of, and in pursuance of said joint

23  venture, partnership and common enterprise.

24       36.    Defendants, and each of them, at all times mentioned in this Complaint concurred

25  and contributed to the various acts and omissions of each and every one of the other Defendants

26  in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

27  ///

28  ///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
KBARNES@KBARNES.COM

- 8 -

37.     Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

38.     Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

**III.**

**JURISDICTION AND VENUE**

39.     The California Superior Court has jurisdiction in this matter due to Defendants' aforementioned violations of California statutory law and/or related common law principles.

40.     The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

41.     The California Superior Court also has jurisdiction in this matter because during their employment with Defendants, Plaintiff GRANT CASSERLY and the members of the putative Classes herein were all California citizens. Further, the individual claims of Plaintiff GRANT CASSERLY and the members of the putative Classes herein, including each such putative Class Member's pro-rata share of attorneys' fees and all other requested relief, are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claims, including attorneys' fees and all other requested relief, are under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law.

42.     Venue is proper in Orange County pursuant to CCP §395(a) and CCP §395.5 in that liability arose there because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts business, and/or has an agent therein.

///

///

LAW OFFICES OF
KEVIN T. BARNES
1670 WILSHIRE BLVD.
SUITE 1400
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101
KEVIN@BARNESLAW.COM

**IV.**

**CLASS ACTION ALLEGATIONS**

43.     CCP §382 provides in pertinent part: "…[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Plaintiffs bring this suit as a class action pursuant to CCP §382.

44.     The Account Manager putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

    a.   All California-based Account Managers (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to pay overtime wages for all overtime hours worked (hereinafter, the "Account Manager Overtime Class");

    b.   All California-based Account Managers (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to provide the legally requisite meal periods (hereinafter, the "Account Manager Meal Period Class");

    c.   All California-based Account Managers (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to authorize and permit the legally requisite rest periods (hereinafter, the "Account Manager Rest Period Class");

    d.   All California-based Account Managers (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to provide accurate itemized wage statements (hereinafter, the "Account Manager Wage Statement Class");

    e.   All formerly-employed California-based Account Managers (as defined, supra) employed by Defendants during the appropriate time period regarding whom Defendants failed to comply with Labor Code §203 (hereinafter, the "Account Manager LC 203 Class"); and

**CASSERLY V. RANDSTAD - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
4249 WILSHIRE BLVD.
SUITE 1650
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
www.kbarnes@kbarnes.com

f. All California-based Account Managers (as defined, supra) employed by Defendants during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as described herein (hereinafter, the "Account Manager 17200 Class").

45.  The Recruiter putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

a. All California-based Recruiters (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to pay overtime wages for all overtime hours worked (hereinafter, the "Recruiter Overtime Class");

b. All California-based Recruiters (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to provide the legally requisite meal periods (hereinafter, the "Recruiter Meal Period Class");

c. All California-based Recruiters (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to authorize and permit the legally requisite rest periods (hereinafter, the "Recruiter Rest Period Class");

d. All California-based Recruiters (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to provide accurate itemized wage statements (hereinafter, the "Recruiter Wage Statement Class");

e. All formerly-employed California-based Recruiters (as defined, supra) employed by Defendants during the appropriate time period regarding whom Defendants failed to comply with Labor Code §203 (hereinafter, the "Recruiter LC 203 Class"); and

///

LAW OFFICES OF
KEVIN T. BARNES
5042 WILSHIRE BLVD.
SUITE 1405
LOS ANGELES, CA
90036-4534
TEL.: (323) 549-9100
FAX: (323) 549-0101
WWW.KBARNES.COM

f.   All California-based Recruiters (as defined, supra) employed by Defendants during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as described herein (hereinafter, the "Recruiter 17200 Class").

46.   The Account Manager Overtime Class, Account Manager Meal Period Class, Account Manager Rest Period Class, Account Manager Wage Statement Class, Account Manager LC 203 Class, Account Manager 17200 Class, Recruiter Overtime Class, Recruiter Meal Period Class, Recruiter Rest Period Class, Recruiter Wage Statement Class, Recruiter LC 203 Class and Recruiter 17200 Class are herein collectively referred to as the "Classes."

47.   Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

48.   Numerosity (CCP §382):

a.   The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical;

b.   The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court;

c.   The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals; and

d.   The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

49.   Superiority (CCP §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

a.   California has a public policy which encourages the use of the class action device;

CASSERLY V. RANDSTAD - COMPLAINT

Law Offices of
Kenny T. Barnes
1470 Willadel Blvd.
Suite 1460
Los Angeles, CA
90266-3614
Tel: (323) 549-9600
Fax: (323) 549-0101

b.  By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

c.  This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d.  If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e.  Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f.  Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

   i)  a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

///

CASERLY V. RANDSTAD - COMPLAINT

ii)    a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii)   inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants; and

iv)   potentially incompatible standards of conduct for Defendants;

v)    potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h.   The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i.    Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j.    The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

50.   Well-defined Community of Interest: Plaintiffs also meet the established standards for class certification (see, e.g. Lockheed Martin Corp. v. Superior Court (2003) 29 Cal.4th 1096), as follows:

a.   Typicality: The claims of Plaintiff GRANT CASSERLY are typical of the claims of all members of the Classes he seeks to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL. (323) 549-9100
FAX: (323) 549-0101
www.kbarneslaw.com

b.  Adequacy: Plaintiff GRANT CASSERLY:

    i)     is an adequate representative of the Classes he seeks to represent;

    ii)    will fairly protect the interests of the members of the Classes;

    iii)   has no interests antagonistic to the members of the Classes; and

    iv)   will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c.  Predominant Common Questions of Law or Fact: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

    i)     Whether the members of the Account Manager and/or Recruiter Overtime Classes were paid overtime pay and/or double time pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week;

    ii)    Whether the members of the Account Manager and/or Recruiter Overtime Classes were uniformly and improperly classified as "exempt" in violation of the Labor Code and the IWC Wage Orders;

    iii)   Whether Defendants failed and continue to fail to provide meal periods to the members of the Account Manager and/or Recruiter Meal Period Classes in violation of the Labor Code and Section 11 of the IWC Wage Orders;

    iv)   Whether Defendants failed and continue to fail to authorize and permit paid rest periods to the members of the Account Manager and/or Recruiter Rest Period Classes in violation of the Labor Code and Section 12 of the IWC Wage Orders;

    v)    Whether Defendants failed to timely furnish accurate itemized statements to the members of the Account Manager and/or Recruiter Wage Statement Classes;

**CASSERLY V. RANDSTAD - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
barnes@kbarnes.com

| | | |
|---|---|---|
| 1 | vi) | Whether Defendants are liable pursuant to <u>Labor Code</u> §203; |
| 2 | vii) | Whether Defendants' conduct constitutes unfair competition within the |
| 3 | | meaning of <u>B&PC</u> §17200, et seq.; |
| 4 | viii) | Whether Defendants' conduct constitutes unfair business practices |
| 5 | | within the meaning of <u>B&PC</u> §17200, et seq.; |
| 6 | ix) | Whether the members of the Classes are entitled to compensatory |
| 7 | | damages, and if so, the means of measuring such damages; |
| 8 | x) | Whether the members of the Classes are entitled to injunctive relief; |
| 9 | xi) | Whether the members of the Classes are entitled to restitution; and |
| 10 | xii) | Whether Defendants are liable for attorneys' fees and costs. |

51.     Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. <u>Collins v. Rocha</u> (1972) 7 Cal.3d 232, 238).

## V.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

**(On Behalf of the Account Manager and Recruiter Overtime Classes)**

**(Against All Defendants)**

52.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

53.     <u>Labor Code</u> §204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

54.     <u>Labor Code</u> §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

LAW OFFICES OF
KENNY T. BARNES
9730 WILSHIRE BLVD.
SUITE 1450
LOS ANGELES, CA
90036-6614
TEL: (323) 549-9300
FAX: (323) 549-0101

1    55.    Labor Code §§1194(a) states: "Notwithstanding any agreement to work for a

2    lesser wage, any employee receiving less than the legal minimum wage or the legal overtime

3    compensation applicable to the employee is entitled to recover in a civil action the unpaid

4    balance of the full amount of this minimum wage or overtime compensation, including interest

5    thereon, reasonable attorney's fees, and costs of suit."

6    56.    Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than

7    the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC

8    Wage Order(s).

9    57.    Defendants, as a matter of established company policy and procedure, at each and

10   every one of the individual facilities owned and/or operated by Defendants, consistently:

11          a.    Administered a uniform company policy and practice regarding the duties and

12                responsibilities of the members of the Account Manager and Recruiter

13                Overtime Classes;

14          b.    Administered a uniform company policy and practice regarding the payment

15                of wages to the members of the Account Manager and Recruiter Overtime

16                Classes;

17          c.    Scheduled to work and in fact required the members of the Account Manager

18                and Recruiter Overtime Classes to work in excess of eight (8) hours per

19                workday and/or in excess of forty (40) hours per workweek without paying

20                straight time or overtime compensation for such excess hours worked;

21          d.    Paid the members of the Account Manager and Recruiter Overtime Classes on

22                a salary basis without straight time and/or overtime compensation paid for all

23                work accomplished in excess of eight (8) hours per day and/or forty (40)

24                hours per week;

25          e.    Deemed each of the members of the Account Manager and Recruiter

26                Overtime Classes exempt based on his or her job description rather than on

27                any consideration of actual work performed;

28   ///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-6624
TEL.: (323) 549-9100
FAX: (323) 549-0101
KEVIN@KBARNES.COM

- 17 -
CASSERLY V. RANDSTAD - COMPLAINT

36

     f.   Kept no records of the actual work activities performed by the members of the Account Manager and Recruiter Overtime Classes;

     g.   Conducted no studies of how members of the Account Manager and Recruiter Overtime Classes spent their work time;

     h.   Did not train the members of the Account Manager and Recruiter Overtime Classes on the difference between exempt and nonexempt work;

     i.   Did not employ the members of the Account Manager and Recruiter Overtime Classes using: i) an alternative workweek schedule adopted pursuant to <u>Labor Code</u> §511; ii) an alternative workweek schedule adopted pursuant a collective bargaining agreement pursuant to <u>Labor Code</u> §514; or iii) an alternative workweek schedule which is inapplicable here pursuant to <u>Labor Code</u> §554;

     j.   Allocated and authorized inadequate staffing levels, with the advance knowledge and designed intent to place non-exempt tasks and duties squarely onto the shoulders of each and every one of the members of the Account Manager and Recruiter Overtime Classes; and

     k.   Required that the members of the Account Manager and Recruiter Overtime Classes spend more than fifty percent (50%) of their work time performing non-exempt tasks.

58.   Further, the members of the Account Manager and Recruiter Overtime Classes:

     a.   Did not perform duties and responsibilities which involved either:

         i.   The performance of office or non-manual work directly related to management policies or general business operations of his/her employer or his/her employer's customers; or

         ii.   The performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein;

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
KBARNES@KBARNES.COM

b.  Did not customarily and regularly exercise discretion and independent judgment;

c.  Did not regularly and directly assist a proprietor, or an employee employed in a bona fide executive or administrative capacity;

d.  Did not perform under only general supervision work along specialized or technical lines requiring special training, experience or knowledge; and/or

e.  Were not primarily engaged in duties which meet the test of the Administrative Exemption.

59.  Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §218 and Labor Code §1194(a), to recovery by the members of the Account Manager and Recruiter Overtime Classes, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, reasonable attorneys' fees, and costs of suit.

60.  Defendants' misclassification as exempt of the members of the Account Manager and Recruiter Overtime Classes was the rule, and therefore a class action is the most efficient means of resolving the Account Manager and Recruiter Overtime Class Members' overtime claims. (see, e.g. Sav-On Drug Stores, Inc. v. Superior Court (2004) 34 Cal.4th 319).

61.  Each Account Manager and Recruiter Overtime Class Member's claim to unpaid overtime depends on whether he or she worked for Defendants during the relevant time period in a position that was misclassified either deliberately (on a class basis) or circumstantially (as a consequence of Defendants' class-wide policies and practices). That calculation of individual damages may at some point be required does not foreclose the possibility of taking common evidence on the misclassification questions. (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232; Hypolite v. Carleson (1975) 52 Cal.App.3d 566; Employment Development Dept. v. Superior Court (1981) 30 Cal.3d 256).

///

///

CASSERLY V. RANDSTAD - COMPLAINT

1    62.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the

2    members of the Account Manager and Recruiter Overtime Classes seek recovery of pre-

3    judgment interest on all amounts recovered herein.

4    63.    Pursuant to Labor Code §218.5 and/or Labor Code §1194, the members of the

5    Account Manager and Recruiter Overtime Classes request that the Court award reasonable

6    attorneys' fees and costs incurred by them in this action.

7                          **SECOND CAUSE OF ACTION**

8                      **FAILURE TO PROVIDE MEAL PERIODS**

9          **(On Behalf of the Account Manager and Recruiter Meal Period Classes)**

10                          **(Against All Defendants)**

11   64.    Plaintiffs incorporate by reference and reallege each and every one of the

12   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

13   forth herein.

14   65.    Labor Code §226.7(a) provides that "No employer shall require any employee to

15   work during any meal or rest period mandated by an applicable order of the Industrial Welfare

16   Commission."

17   66.    Labor Code §512 provides that "An employer may not employ an employee for a

18   work period of more than five hours per day without providing the employee with a meal period

19   of not less than 30 minutes, except that if the total work period per day of the employee is no

20   more than six hours, the meal period may be waived by mutual consent of both the employer and

21   employee."

22   67.    Labor Code §512 further provides that "An employer may not employ an

23   employee for a work period of more than 10 hours per day without providing the employee with

24   a second meal period of not less than 30 minutes, except that if the total hours worked is no more

25   than 12 hours, the second meal period may be waived by mutual consent of the employer and the

26   employee only if the first meal period was not waived."

27   ///

28   ///

LAW OFFICES OF
KEVIN T. BARNES
5750 WILSHIRE BLVD.
SUITE 1680
LOS ANGELES, CA
90036-3614
TEL: (323) 549-9100
FAX: (323) 549-0101

68.     Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

69.     Section 11(A) of the IWC Wage Orders provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

70.     Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

71.     On one or more occasions, the members of the Account Manager and Recruiter Meal Period Classes worked over five (5) hours per shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

72.     Further, on one or more occasions, some members of the Account Manager and Recruiter Meal Period Classes worked over ten (10) hours per shift and therefore were entitled to a second meal period of not less than 30 minutes.

73.     The members of the Account Manager and Recruiter Meal Period Classes did not validly or legally waive their meal periods, by mutual consent with Defendants or otherwise.

74.     The members of the Account Manager and Recruiter Meal Period Classes did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

75.     As a matter of Defendants' established company policy, Defendants failed to always comply with the meal period requirements established by Labor Code §226.7, Labor Code §512, Labor Code §516 and Section 11 of the IWC Wage Order(s) by failing to always

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 21 -
CASSERLY V. RANDSTAD - COMPLAINT

1  provide the members of the Account Manager and Recruiter Meal Period Classes with a first and
2  in some cases a second legally compliant meal period.

3      76.    Pursuant to Section 11(B) of the IWC Wage Order(s) and Labor Code §226.7(b)
4  which states "if an employer fails to provide an employee a meal or rest period in accordance
5  with an applicable order of the industrial Welfare Commission, the employer shall pay the
6  employee one additional hour of pay at the employee's regular rate of compensation for each
7  work day that the meal or rest period is not provided," the members of the Account Manager and
8  Recruiter Meal Period Classes are entitled to damages in an amount equal to one (1) additional
9  hour of pay at each employee's regular rate of compensation for each work day that the meal
10 period was not provided, in a sum to be proven at trial.

11     77.    Pursuant to Labor Code §218.6 and CC §3287, the members of the Account
12 Manager and Recruiter Meal Period Classes seek recovery of pre-judgment interest on all
13 amounts recovered herein.

14     78.    Pursuant to Labor Code §218.5, the members of the Account Manager and
15 Recruiter Meal Period Classes request that the Court award reasonable attorneys' fees and costs
16 incurred by them in this action.

<div align="center">

**THIRD CAUSE OF ACTION**

**FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS**

**(On Behalf of the Account Manager and Recruiter Rest Period Classes)**

**(Against All Defendants)**

</div>

21     79.    Plaintiffs incorporate by reference and reallege each and every one of the
22 allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set
23 forth herein.

24     80.    Labor Code §226.7(a) states: "No employer shall require any employee to work
25 during any meal or rest period mandated by an applicable order of the Industrial Welfare
26 Commission."

27 ///
28 ///

Law Offices of
Kevin T. Barnes
5760 Wilshire Blvd.,
Suite 1460
Los Angeles, CA
90036-5614
Tel. (323) 549-9100
Fax (323) 549-0101
www.kevinbarnes.com

<div align="center">

- 22 -

**CASSERLY V. RANDSTAD - COMPLAINT**

</div>

1     81.    Labor Code §516 provides that the Industrial Welfare Commission may adopt or

2 amend working condition orders with respect to break periods for any workers in California

3 consistent with the health and welfare of those workers.

4     82.    Section 12(A) of the IWC Wage Order(s) states: "Every employer shall authorize

5 and permit all employees to take rest periods, which insofar as practicable shall be in the middle

6 of each work period. The authorized rest period time shall be based on the total hours worked

7 daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

8 However, a rest period need not be authorized for employees whose total daily work time is less

9 than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours

10 worked for which there shall be no deduction from wages."

11     83.    Section 12(B) of the IWC Wage Order(s) states: "If an employer fails to provide

12 an employee a rest period in accordance with the applicable provisions of this order, the

13 employer shall pay the employee one (1) hour of pay at the employee's regular rate of

14 compensation for each workday that the rest period is not provided."

15     84.    The members of the Account Manager and Recruiter Rest Period Classes

16 consistently worked over four (4) hours per shift and therefore were entitled to a rest period of

17 not less than ten (10) minutes prior to exceeding four (4) hours of employment.

18     85.    As a matter of Defendants' established company policy, Defendants failed to

19 authorize and permit the required rest periods established by Labor Code §226.7 and Labor Code

20 §516 and Section 12 of the IWC Wage Order(s).

21     86.    Pursuant to Section 12 of the IWC Wage Order(s) and Labor Code §226.7(b)

22 which states "if an employer fails to provide an employee a meal or rest period in accordance

23 with an applicable order of the Industrial Welfare Commission, the employer shall pay the

24 employee one additional hour of pay at the employee's regular rate of compensation for each

25 work day that the meal or rest period is not provided," the members of the Account Manager and

26 Recruiter Rest Period Classes are entitled to damages in an amount equal to one (1) additional

27 hour of pay at each employee's regular rate of compensation for each work day that the rest

28 period was not so provided.

87.    Pursuant to Labor Code §218.6 and CC §3287, the members of the Account Manager and Recruiter Rest Period Classes seek recovery of pre-judgment interest on all amounts recovered herein.

88.    Pursuant to Labor Code §218.5, the members of the Account Manager and Recruiter Rest Period Classes request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

### FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

**(On Behalf of the Account Manager and Recruiter Wage Statement Classes)**

**(Against All Defendants)**

89.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

90.    Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee... (4) all deductions... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid... (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee....".

91.    Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded...(5) Total hours worked in the payroll period and applicable rates of pay...."

///

CASSERLY V. RANDSTAD - COMPLAINT

92.   Therefore, pursuant to Labor Code §226(a) and the IWC Wage Orders §7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Account Manager and Recruiter Wage Statement Classes, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

93.   As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage Orders §7(A), Defendants knowingly and intentionally did not and still do not furnish each of the members of the Account Manager and Recruiter Wage Statement Classes with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

94.   As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage Orders §7(A), Defendants knowingly and intentionally did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Account Manager and Recruiter Wage Statement Classes, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

95.   The members of the Account Manager and Recruiter Wage Statement Classes have suffered injury as a result of Defendants' knowing and intentional failure to maintain accurate records for the members of the Account Manager and Recruiter Wage Statement Classes in that the members of the Account Manager and Recruiter Wage Statement Classes were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code §226 and the IWC Wage Orders §7(A), such that the members of the Account Manager and Recruiter Wage Statement Classes were

LAW OFFICES OF
KEVIN T. BARNES
...
LOS ANGELES, CA
...
TEL: (323) 549-9100
FAX: (323) 549-0101
...

1  misled by Defendants as to the correct information regarding various items, including but not

2  limited to total hours worked by each employee, net wages earned and all applicable hourly rates

3  in effect during the pay period and the corresponding number of hours worked at each hourly

4  rate.

5          96.     The actual injuries suffered by the members of the Account Manager and

6  Recruiter Wage Statement Classes as a result of Defendants' knowing and intentional failure to

7  maintain accurate records for the members of the Account Manager and Recruiter Wage

8  Statement Classes include but are not limited to:

9                  a.  Confusion over whether they received all wages owed them by Defendants;

10                 b.  The difficulty and expense of attempting to reconstruct time and pay records;

11                 c.  Being forced to engage in mathematical computations to analyze whether

12                     Defendants' wages in fact compensated for all hours worked;

13                 d.  The inability to accurately calculate wage rates complicated by the fact that

14                     wage statement information required by Labor Code §226 is missing;

15                 e.  That such practice prevents the members of the Wage Statement Class from

16                     being able to effectively challenge information on their wage statements; and

17                 f.  The difficulty and expense of filing and maintaining this lawsuit, and the

18                     discovery required to collect and analyze the very information that California

19                     law requires.

20         97.     Pursuant to Labor Code §226(e), the members of the Account Manager and

21  Recruiter Wage Statement Classes suffered injury as a result of Defendants' knowing and

22  intentional failure to comply with Labor Code §226(a) and are therefore entitled to fifty dollars

23  ($50.00) per employee for the initial pay period in which a violation hereunder occurs and one

24  hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not

25  exceeding an aggregate penalty of four thousand dollars ($4,000.00).

26         98.     Pursuant to Labor Code §226(g), the currently-employed members of the Account

27  Manager and Recruiter Wage Statement Classes are also entitled to injunctive relief to ensure

28  Defendants' compliance with Labor Code §226.

**CASSERLY V. RANDSTAD - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5850 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

99.   Pursuant to Labor Code §226(e) and/or §226(g), the members of the Account Manager and Recruiter Wage Statement Classes are also entitled to an award of costs and reasonable attorneys' fees.

### FIFTH CAUSE OF ACTION

### VIOLATIONS OF LABOR CODE §203

#### (On Behalf of the Account Manager and Recruiter LC 203 Classes)

#### (Against All Defendants)

100.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

101.   Labor Code §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

102.   The members of the Account Manager and Recruiter LC 203 Classes are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

103.   Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, according to amendment or proof.

104.   Defendants willfully failed to pay the members of the Account Manager and Recruiter LC 203 Classes their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter.

105.   Defendants' willful failure to pay wages to the members of the Account Manager and Recruiter LC 203 Classes violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the Account Manager and Recruiter LC 203 Classes, but Defendants failed to pay them.


LAW OFFICES OF
KEVIN T. BARNES
1670 WILSHIRE BLVD,
SUITE 1460
LOS ANGELES, CA
90036-5634
TEL.: (323) 549-9100
FAX: (323) 549-0101
KEVIN@KBARNES.COM

- 27 -

CASSERLY V. RANDSTAD - COMPLAINT

46

106.   Thus, the members of the Account Manager and Recruiter LC 203 Classes are entitled to recovery pursuant to Labor Code §203.

### SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

#### (On Behalf of Plaintiff and All Others Similarly Situated)

#### (Against All Defendants)

107.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

108.   B&PC §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

109.   B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

110.   B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

111.   Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiff and all others similarly situated of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

112.   Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

113.   Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
KBARNES@KBARNES.COM

1    114.   Plaintiffs have suffered injury in fact and have lost money or property as a result

2    of such unfair competition.

3    115.   Plaintiffs seek full restitution from Defendants, as necessary and according to

4    proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means

5    of the unfair practices complained of herein.

6    116.   Further, if Defendants are not enjoined from the conduct set forth above,

7    Defendants will continue to practice, employ and utilize the employment practices outlined in the

8    preceding paragraphs.

9    117.   Therefore, Plaintiffs request that the Court issue a preliminary and permanent

10   injunction prohibiting Defendants from engaging in the foregoing conduct.

11   118.   Plaintiffs seek the appointment of a receiver, as necessary, to establish the total

12   monetary relief sought from Defendants.

13                        **SEVENTH CAUSE OF ACTION**

14                    **DECLARATORY RELIEF [CCP §1060]**

15            **(On Behalf of Plaintiff and All Others Similarly Situated)**

16                        **(Against All Defendants)**

17   119.   Plaintiffs incorporate by reference and reallege each and every one of the

18   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

19   forth herein.

20   120.   CCP §1060 provides that any person who desires a declaration of his or her rights

21   or duties with respect to another, in cases of actual controversy relating to the legal rights and

22   duties of the respective parties, may ask the Court for a declaration of rights or duties, and the

23   Court may make a binding declaration of these rights or duties, whether or not further relief is or

24   could be claimed at the time; any such declaration by the Court shall have the force of a final

25   judgment.

26   121.   Defendants continue to this day to engage in some or all of the unlawful and

27   unfair conduct as described herein.

28   ///

Law Offices of
Kevin T. Barnes
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5616
Tel.: (323) 549-9100
Fax: (323) 549-0101

**CASSERLY V. RANDSTAD - COMPLAINT**

1      122.   An actual controversy exists in that Defendants assert they have the legal right to

2 perform the acts as described herein.

3      123.   Plaintiffs desire a declaration as to the rights of Plaintiff and all others similarly

4 situated with respect to Defendants' unlawful and unfair conduct, as described herein.

5      124.   It is therefore necessary that the Court declare the rights and duties of the parties

6 hereto.

7 <center>**VI.**</center>

8 <center>**PRAYER FOR RELIEF**</center>

9 WHEREFORE, Plaintiffs pray:

10      a.   That the Court issue an Order certifying the Classes herein, appointing all named

11 Plaintiffs as representative of all others similarly situated, and appointing all law firms

12 representing all named Plaintiffs as counsel for the members of the Classes;

13 As to the First Cause of Action for Failure to Pay Overtime Wages:

14      b.   For damages, as set forth in Labor Code §1194(a) and the IWC Wage Order(s)

15 regarding wages due and owing, according to proof;

16      c.   For pre-judgment interest as allowed by Labor Code §218.6, Labor Code

17 §1194(a) and CC §3287;

18      d.   For an award of reasonable attorneys' fees and costs pursuant to Labor Code

19 §218.5 and/or Labor Code §1194(a);

20 As to the Second Cause of Action for Failure to Provide Meal Periods:

21      e.   For one (1) hour of pay at the regular rate of compensation for each member of

22 the Account Manager and Recruiter Meal Period Classes for each workday that a meal or rest

23 period was not provided;

24      f.   For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

25      g.   For an award of reasonable attorneys' fees and costs pursuant to Labor Code

26 §218.5;

27 ///

28 ///

<center>- 30 -</center>
<center>CASSERLY V. RANDSTAD - COMPLAINT</center>

1   As to the Third Cause of Action for Failure to Authorize and Permit Paid Rest Periods:

2        h.    For one (1) hour of pay at the regular rate of compensation for each member of

3   the Account Manager and Recruiter Rest Period Classes for each workday that a meal or rest

4   period was not provided;

5        i.    For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

6        j.    For an award of reasonable attorneys' fees and costs pursuant to Labor Code

7   §218.5;

8   As to the Fourth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage

9   Statements:

10        k.    For recovery as authorized by Labor Code §226(e);

11        l.    For injunctive relief to ensure Defendants' compliance with Labor Code §226 and

12   the IWC Wage Orders §7(A) pursuant to Labor Code §226(g);

13        m.    For an award of costs and reasonable attorneys' fees pursuant to Labor Code

14   §226(e) and/or §226(g);

15   As to the Fifth Cause of Action for Violations of Labor Code §203:

16        n.    For recovery as authorized by Labor Code §203;

17   As to the Sixth Cause of Action for Unfair Business Practices:

18        o.    For an accounting, under administration of Plaintiffs and/or the receiver and

19   subject to Court review, to determine the amount to be returned by Defendants, and the amounts

20   to be refunded to members of the Classes who are owed monies by Defendants;

21        p.    For an Order requiring Defendants to identify each of the members of the Classes

22   by name, home address, and home telephone number;

23        q.    For an Order requiring Defendants to make full restitution and payment pursuant

24   to California law;

25        r.    For an Order for a preliminary and/or permanent injunction prohibiting

26   Defendants from engaging in the acts complained of herein;

27        s.    For the creation of an administrative process wherein each injured member of the

28   Classes may submit a claim in order to receive his/her money;

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.,
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
WWW.KEVINBARNES.COM

CASSERLY V. RANDSTAD - COMPLAINT

1    t.    For all other appropriate injunctive, declaratory and equitable relief;

2    u.    For interest to the extent permitted by law;

3    v.    For an award of attorneys' fees and costs incurred in the investigation, filing and

4    prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194

5    and/or any other applicable provision of law;

6    As to the Seventh Cause of Action for Declaratory Relief:

7    w.    For a Declaration from the Court determining the rights of Plaintiff and all others

8    similarly situated regarding Defendants' unlawful and unfair conduct as described herein;

9    x.    For such further Declaration of rights as the Court may deem proper; and

10   y.    For payment of costs and attorneys' fees from the amount recovered for the

11   common benefit of Plaintiff and all others similarly situated.

12   As to All Causes of Action:

13   z.    For such relief as this Court may deem just and proper, including reasonable

14   attorneys' fees and costs incurred, within the jurisdictional amount pled herein (unless and until

15   it is determined from actual and competent evidence that the aggregate claims exceed the

16   jurisdictional amount). At this juncture, Plaintiffs are informed and believe that all damages,

17   including but not limited to restitution, penalties, interest and attorneys' fees do not exceed an

18   aggregate of $4,999,999.99 and that the value of Plaintiffs' individual claims do not exceed

19   $74,999.99.

20                                        VII.

21                          **DEMAND FOR JURY TRIAL**

22   Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

23   Dated: May 31, 2011                 LAW OFFICES OF KEVIN T. BARNES

24

25                                       By:_____
                                             Kevin T. Barnes, Esq.
26                                           Gregg Lander, Esq.
                                             Attorneys for Plaintiffs

27

28

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101
www.kbarneslaw.com

- 32 -
CASSERLY V. RANDSTAD - COMPLAINT