**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS - 6

**CIVIL MINUTES - GENERAL**

Case No. SACV11-01018 DOC (ANx)                           Date: September 22, 2011

Title: GRANT CASSERLY v. RANDSTAD US, L.P., et al.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Dwayne Roberts | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                              NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING PLAINTIFFS' MOTION TO REMAND

  Before the Court is Plaintiffs' Motion to Remand to State Court (Docket 7). The court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers thereon, the Court GRANTS Plaintiff's Motion to Remand.

  **I. Background**

  The facts as alleged by Plaintiffs are as follows: Grant Casserly ("Casserly") filed this class action on behalf of himself and others (collectively, "Plaintiffs") who worked as California-based "Account Managers" (hereinafter including any of Defendants' job positions with substantially similar titles and/or duties) or California-based "Recruiters" (hereinafter including any of Defendants' job positions with substantially similar titles and/or duties) for Defendants RANDSTAD US, L.P., RANDSTAD HORIZONS, L.P., RANDSTAD INHOUSE SERVICES, L.P., ACCOUNTANTS INTERNATIONAL, L.P., B2B WORKFORCE, L.P., CLINICAL ONE, COMPLIANCE L.P., DB CONCEPTS, DELTA PHARM, L.P., HUMAN RESOURCES INTERNATIONAL, LOCUM MEDICAL GROUP, OPIS, PLACEMENT PROS, L.P., RANDSTAD MANAGED SERVICES, RANDSTAD PROFESSIONALS US, L.P., SAPPHIRE TECHNOLOGIES, L.P., and THINK RESOURCES L.P., all of whom d/b/a "Randstad" ("Defendants" or "Randstad"). Complaint, ¶ 4.

Plaintiffs claim that Defendants have failed to pay state-mandated overtime wages for all overtime hours worked, failed to provide meal periods, failed to authorize and permit rest periods, failed to timely furnish accurate itemized wage statements, violated California Labor Code § 203, and conducted unfair business practices. *Id.* at ¶ 7. Essentially, Plaintiffs allege that the Account Managers and Recruiters were incorrectly classified as salaried employees, although they should have received each of the benefits listed above. Plaintiffs seek monetary damages, including full restitution for Defendants' alleged violations of California Labor Code §§ 1194, et seq., California Labor Code §§ 200, et seq., California Labor Code §§ 500, et seq., California Business and Professions Code §§ 17000, et seq. and §§ 17200 et seq., the applicable Wage Orders issued by the California Industrial Welfare Commission ("IWC Wage Orders") and related common law principles.. *Id.* at ¶ 2.

Plaintiffs filed their Complaint in Orange County Superior Court on June 1, 2011 and Defendants timely removed on July 8, 2011, alleging jurisdiction under the Class Action Fairness Act (CAFA) (Docket 1). Plaintiffs' Motion seeks to have the case remanded to state court for want of federal jurisdiction, as Casserly alleges that the amount in controversy is less than five-million dollars.

## II.   Legal Standard

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. 1447(c). Removal of state actions is allowed only if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. 1441. The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under the Class Action Fairness Act ("CAFA"), federal district courts have original jurisdiction over any civil action in which (a) the amount in controversy exceeds five-million dollars exclusive of interest and costs, (b) a class action is being asserted on behalf of 100 or more members, and (c) in which any member of the purported plaintiff class is a citizen of a state different from any defendant. *See* 18 U.S.C. 1332(d)(2)(A), 1453(a), and 1453(b). The point of contention between the parties in this case centers on whether the amount in controversy exceeds five-million dollars.

## III.   Discussion

When a plaintiff has pled damages less than CAFA's five million dollar requirement, the defendant seeking removal must prove with legal certainty that the amount in controversy is satisfied. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 996, 1000 (9th Cir. 2007). The burden of proving the amount in controversy to a legal certainty falls on the party seeking to assert federal jurisdiction. *Lewis v. Verizon Communications,* 627 F.3d 395, 399 (9th Cir. 2010); *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 685 (9th Cir. 2006). Consequently, the present question is whether Defendants have proven with legal certainty that the amount in controversy exceeds five-million

dollars.

Defendants rely heavily on the Declarations of Jennifer Wood, Human Resources Manager, and Kenneth Ira Spigle, Associate General Counsel. Def. Notice of Removal, Exh. C, D. Defendants have based their calculations for meal period penalties, rest break penalties, and overtime compensation on the "133 class members who were employed during the entire four year class period." Def. Notice of Removal, 12, 14. Yet, Defendants fail to provide any description of this purported 133 person group. Presumably, these 133 class members are a subset of the 412 potential class members discussed in Defendants' Notice of Removal (Docket 1). According to Jennifer Wood's Declaration, Exh. C, the potential class includes Agents, Senior Agents, and Staffing Consultants, in addition to Plaintiffs' named positions of Recruiter or Account Manager. Wood Dec., ¶ 3. These additional positions were included because "these job titles are very similar to the Account Manager and Recruiter Positions." *Id.* Neither Ms. Wood nor Mr. Spigle provides any substantive explanation as to why Agents, Senior Agents, or Staffing Consultants have similar job duties and responsibilities as Recruiters or Account Managers. Defendants have also failed to explain how many of the 412 potential class members fall into these three additional job title categories; for all the Court knows, Recruiters and Account Managers may only be a small minority of the 133 class members and/or the 412 potential class members.

Defendants preemptively dispute that they are required to provide any explanation of specific job duties because "Plaintiff did not plead specific job duties and cannot demand that Defendants describe them now." *Opposition,* 10. Defendants, however, are mistaken as to the burden of proof. It is Defendants who seek federal jurisdiction, and it is well-established that the proponent of federal jurisdiction possesses the burden of proving with legal certainty the basis for such jurisdiction. *Lewis,* 627 F.3d at 399. Defendants allege that their use of only 133 putative class members is a conservative estimate, given that Plaintiffs will likely seek some damages on behalf of the remaining potential class members. *Id.* at 14. The Court, however, has no way of knowing how many of those 133 members are Agents, Senior Agents, or Staffing Consultants. More importantly, the Court has no basis for determining that these three positions are sufficiently similar to the Recruiter or Account Manager positions such that they should be included in the potential class. Mere conclusory statements by Defendants' agents as to the similarity of job titles are not sufficient to meet Defendants' burden of proving the amount in controversy to a legal certainty. Defendants had all relevant information at their disposal but failed to provide an adequate factual basis for their calculations.

Although the legal certainty standard is not insurmountable, Defendants have not adequately proven that the amount in controversy exceeds five million dollars, as required under CAFA.

### IV. Disposition

For the reasons stated above, the Court hereby GRANTS Plaintiffs' Motion to Remand.

This case is hereby remanded to Orange County Superior Court.

      The Clerk shall serve this minute order on all parties to the action.